MRM
F.# 2019R00917

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

IN THE MATTER OF THE APPLICATION
FOR SEARCH WARRANTS FOR:

THE VEHICLE KNOWN AND DESCRIBED
AS ONE 2008 RED CHRYSLER
TOWN AND COUNTRY, VIN NUMBER
2A8HR44H78R711477, NEW YORK
REGISTRATION KFN4473
("SUBJECT VEHICLE").

AFFIDAVIT IN SUPPORT
OF AN APPLICATION
FOR A SEARCH WARRANT

20 MJ 813

(Fed R. Crim. P. 41)

----------------------------------X
EASTERN DISTRICT OF NEW YORK, SS:

      DERRICK ACKER, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

      Upon information and belief there is probable cause to believe that there will be kept and concealed within THE VEHICLE KNOWN AND DESCRIBED AS ONE 2008 RED CHRYSLER TOWN AND COUNTRY, VIN NUMBER 2A8HR44H78R711477, NEW YORK REGISTRATION KFN4473 ("SUBJECT VEHICLE") further described in Attachment A, within the Eastern District of New York, certain property, namely: firearms, including any firearm ammunition, shell casings, discharged rounds and holsters; all of which constitute evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 922(g), further described in Attachment B.

The source of your deponent's information and the grounds for his belief are as follows:[1]

## I. INTRODUCTION

1. I have been a Special Agent with the FBI for approximately twenty-five years and I am currently assigned to the FBI's Long Island Gang Task Force. I have participated in dozens of investigations into allegations of unlawful possession, distribution and manufacture of controlled substances, including but not limited to cocaine base ("crack cocaine"), cocaine and heroin. My investigations into narcotics traffickers has involved working with confidential informants, conducting surveillance and controlled purchases of narcotics. The information contained in this affidavit comes from my discussions with other agents and law enforcement officers, including members of the Suffolk County's East End Drug Task Force ("EEDTF"), which is comprised of members of the Suffolk Police Department ("SCPD"), Riverhead Police Department ("RPD") and the New York State Police ("NYSP") and a review of the evidence related to this investigation.

## II. SUBJECT VEHICLE

2. As set forth below, there is probable cause to believe that SUBJECT VEHICLE contains a firearm in violation of federal law. The SUBJECT VEHICLE is a 2008 red Chrysler Town and Country, VIN Number 2A8HR44H78R711477, New York Registration KFN4473. The SUBJECT VEHICLE is currently located at the Suffolk County

---

[1] Because the purpose of this affidavit is solely to sct forth probable cause to search, I have not set forth every fact concerning this investigation of which I am aware.

Police Department vehicle impound lot located in Westhampton, New York, within the Eastern District of New York.

III. PROBABLE CAUSE

3. Since approximately March 2019, law enforcement authorities have been investigating TORRANCE LANGHORNE ("LANGHORNE") and others for distributing crack cocaine in Riverhead, New York and surrounding communities on Long Island.

4. During the course of the investigation, members of law enforcement learned that LANGHORNE has multiple prior felony convictions, including, most recently, a conviction sustained on October 17, 2011 for criminal sale of a controlled substance in the third degree, in violation of New York Penal Law ("N.Y.P.L.") § 220.39(1), and criminal possession of a controlled substance in the third degree, in violation of N.Y.P.L. § 220.16(1), both of which are Class B felonies. LANGHORNE was sentenced to 30 months' imprisonment for those convictions.

5. On September 3, 2020, a federal Grand Jury sitting in Central Islip, New York, indicted LANGHORNE and another individual for conspiring to distribute 28 grams or more of cocaine base and distribution of cocaine base and cocaine, in violation of Title 21, United States Code Sections 846 and 841(a)(1), respectively. Subsequent to his indictment, a warrant was issued for LANGHORNE's arrest. See United States v. Kareem Lemay, et al., 20-CR-235 (S-1) (JS). In connection with the above-captioned superseding indictment, United States Magistrate Judge Anne Y. Shields issued a warrant for LANGHORNE's arrest.

6. On September 10, 2020, law enforcement officers, seeking to arrest LANGHORNE upon the arrest warrant issued by Judge Shields, observed LANGHORNE driving the SUBJECT VEHICLE on a public roadway in Mastic Beach, Suffolk County, New York.

7. While under arrest pursuant to the arrest warrant, and while in custody at the Suffolk County Police Department 7th Precinct, LANGHORNE began spontaneously making statements about possessing a firearm to the arresting officers. Specifically, LANGHORNE began claiming that members of law enforcement placed a firearm in the SUBJECT VEHICLE two days prior to his arrest.

8. During the arrest process, LANGHORNE was taken by law enforcement to Southside Hospital in Suffolk County to ensure his fitness for confinement. While at Southside Hospital, LANGHORNE spontaneously stated to a member of the New York State Police who was guarding him the following:

> a. LANGHORNE knows that members of law enforcement planted the gun in the SUBJECT VEHICLE that LANGHORNE claimed to have found two days earlier;
>
> b. LANGHORNE stated that the firearm was a .380 caliber firearm with hollow point bullets and was wrapped in a shirt; and
>
> c. LANGHORNE called his attorney and his attorney sent a "proper authority" to take possession of the weapon.[2]

---

[2] On September 10, 2020, an Assistant United States Attorney ("AUSA") the United States Attorney's Office for the Eastern District of New York spoke with William Martin, Esq., an attorney who was representing LANGHORNE on a pending civil matter. Martin indicated that LANGHORNE never mentioned anything about a firearm

9. On September 11, 2020, prior to his arraignment before the Honorable Arlene R. Lindsay, LANGHORNE repeated the above claims regarding the presence of a firearm in the SUBJECT VEHICLE to a member of the United States Marshals Service.

10. During the arrest process of LANGHORNE on September 10, 2020, the SUBJECT VEHICLE was inventoried for valuables prior to being impounded, however, a thorough search of the vehicle, including any hidden compartments, was not conducted.

11. SUBJECT VEHICLE has been secured by members of law enforcement at the Suffolk County Police Department impound lot in Westhampton, New York. SUBJECT VEHICLE has been continuously secured by members of law enforcement since the time members of law enforcement stopped LANGHORNE operating the SUBJECT VEHICLE on September 10, 2020 prior to placing LANGHORNE under arrest.

12. Based on my training, experience, participation in other drug investigations, debriefing of confidential informants, proffer meetings with cooperating witnesses and extensive discussions with other experienced law enforcement officers, I am familiar with the typical distribution and trafficking methods used by drug dealers and traffickers, including the distribution of crack cocaine.

13. In a substantial number of residential, commercial and vehicular searches executed in connection with drug investigations, as well as based upon my training and experience, drug traffickers frequently maintain firearms to protect the product and the proceeds of the illegal business that the drug traffickers are conducting. Such firearms are

---

to him. Subsequently, on September 11, 2020, prior to LANGHORNE's arraignment, the same AUSA spoke with LANGHORNE's CJA counsel Joseph Ferrante who indicated that he had no information related to the claims that LANGHORNE made on September 10, 2020, during the arrest process, regarding a firearm.

generally maintained where the traffickers have ready access to them, such as the traffickers' residences and vehicles.

14. Furthermore, from my training and experience, I know that narcotics traffickers will frequently install hidden compartments, also known as "traps," to hide narcotics, narcotics proceeds and firearms.

15. Based upon the statements made by LANGHORNE during the arrest process, it appears that LANGHORNE is attempting to craft an excuse to explain why a firearm may be located in SUBJECT VEHICLE.

16. In addition to the foregoing, law enforcement is not seeking to continue to impound the SUBJECT VEHICLE. However, prior to releasing the SUBJECT VEHICLE from impound, law enforcement is seeking to search the SUBJECT VEHICLE for a firearm to ensure the safety of the public.

15. Accordingly, as set forth above, there is probable cause to believe that evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 922(g), including the items described herein, will be found within SUBJECT VEHICLE.

WHEREFORE, I respectfully request that search warrants be issued, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, authorizing members of FBI, and other law enforcement officers, including, but not limited to, any members of the EEDTF, SCPD, RPD and NYSP, to seize and search SUBJECT VEHICLE, and therein to seize certain property, namely: firearms, including any firearm ammunition, shell casings,

discharged rounds and holsters; all of which constitute evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 922(g).

DERRICK ACKER
Special Agent
Federal Bureau of Investigation

Sworn to before me this
15th day of September, 2020

THE HONORABLE STEVEN I. LOCKE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A
### Property to Be Searched

The SUBJECT VEHICLE is a 2008 red Chrysler Town and Country, VIN Number 2A8HR44H78R711477, New York Registration KFN4473. The SUBJECT VEHICLE is currently located at the Suffolk County Police Department vehicle impound lot located in Westhampton, New York, within the Eastern District of New York.

## **Attachment B**
Property to be Seized

Seize certain property all of which constitute evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 922(g), namely: firearms, including any firearm ammunition, shell casings, discharged rounds and holsters.